UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JUAN CARLOS AYALA ORELLANA, | Civil No. 12-1184 (JRT/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC HOLDER, Attorney General of the United States; SCOTT BANIECKE, Field Office Director, Immigration and Customs Enforcement; BOB KINDER, Freeborn County Sheriff, | |
| Respondents. | |

---

Bruce D. Nestor, De Leon & Nestor, LLC, 3547 Cedar Avenue Minneapolis, MN 55407; Benjamin Casper and Colin Peterson, Robins Kaplan, Miller and Ciresi, LLP, 800 Lasalle Avenue, Suite 2800, Minneapolis, MN 55402, for Petitioner.

Stuart F. Delery, David J. Kline, Theodore Atkinson, and John J.W. Inkeles, United States Department of Justice – Civil Division, Office of Immigration Litigation, P.O. Box 868, Ben Franklin Station, Washington, D.C. 20044, for Respondents.

---

## INTRODUCTION

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on Juan Carlos Ayala Orellana's Petition for Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. § 2241. The case has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Mr. Orellana's Petition for Habeas Corpus be **DISMISSED**.

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Guatemala. He has been a lawful permanent resident of the United States since July 3, 1994. Petitioner has significant ties to the United States. He attended school in the United States from the sixth grade onward. Petitioner is married and has three children who are United States citizens. Petitioner's mother, a legal permanent resident, and step-father, a United States citizen, reside in the United States. Until his detainment, Petitioner was gainfully employed. He was arrested at his place of employment on April 24, 2012.

On November 16, 2005, Petitioner was convicted by the Iowa District Court for Story County of Assault with Intent to Commit Sexual Abuse, in violation of Iowa code § 709.11. Petitioner was committed to the custody of the Director of the Department of Corrections of the State of Iowa for a term not to exceed two years. The Iowa Department of Corrections discharged Petitioner on October 2, 2006. After October 2, 2006, Petitioner was no longer in state custody or subject to restraint of liberty.

On April 24, 2012, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") that charged that Petitioner was removable from the United States based on his November 16, 2005 conviction pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[1] The United States Immigration and Customs Enforcement agency ("ICE") took Petitioner into custody pursuant to 8 U.S.C. § 1226(c)[2] on April 24, 2012. Petitioner was taken to the Freeborn County jail.

---

[1] Petitioner references this provision as "Section 237 of the Immigration and Nationality Act" in his supporting documents. Section 1227(a)(2)(A)(iii) states, "Any alien who is convicted of an aggravated felony at any time after admission is deportable." Sexual abuse of a minor is defined as an aggravated felony under 8 U.S.C. § 1101 (a)(43)(A).

[2] Petitioner references this provision as "Section 236 of the Immigration and Nationality Act" in his supporting documents.

Upon Petitioner's arrest, ICE officers completed Form I-286, ordering Petitioner remain in DHS custody pursuant to the mandatory detention clause of 8 U.S.C. § 1226(c).  Petitioner filed a Motion to Terminate Removal Proceedings.  On May 17, 2012, the DHS lodged a second charge of removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) based on Petitioner's conviction for the aggravated felony of abuse of a minor.  Appearing before the Immigration Court on May 31, 2012, Petitioner filed a second Motion to Terminate Removal Proceedings.  On or about October 25, 2012 Petitioner was deported from the United States after and Immigration Judge found him to be removable.

## PROCEDURAL HISTORY

Mr. Orellana filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] on May 16, 2012.  Petitioner sought to challenge his detention by ICE.  In his Petition, Mr. Orellana requested this Court issue an order (1) requiring ICE to conduct an individualized custody determination regarding Petitioner's pre-removal detention, and (2) that the Executive Office of Immigration Review ("EOIR") grant Petitioner a custody determination review hearing upon application to EOIR by the Petitioner.

On May 18, 2012, this Court issued an Order to Show Cause [Docket No. 3] directing Respondents to answer the Petition within seven days.  In compliance with the Order to Show Cause, Respondents filed an Answer to Petition for Writ of Habeas Corpus [Docket No. 5] on May 24, 2012.  Respondents argued that Mr. Orellana's Petition for Writ of Habeas Corpus should be denied because Petitioner was reasonably and lawfully detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c).

Petitioner filed a Reply in Support of Petition for Writ of Habeas Corpus [Docket No. 7] on June 1, 2012.[3] Petitioner maintained in his Reply that he is not subject to the mandatory detention provision of 8 U.S.C. § 1226(c) because he was detained more than five years after his release from criminal incarceration rather than immediately upon his release on October 2, 2006. While waiting for a determination on his Petition, Mr. Orellana was found to be removable by an Immigration Judge. Petitioner declined to file an appeal with the Board of Immigration Appeals. ICE removed Petitioner from the United States on October 25, 2012. On October 31, 2012 Petitioner filed a Motion to Dismiss [Docket No. 8]. Petitioner seeks dismissal of his Petition for a Writ of Habeas Corpus because of his October 25, 2012 removal from the country.

## DISCUSSION

Petitioner was removed from the United States on or about October 25, 2012. Consequently, Petitioner is no longer in DHS custody under the authority of 8 U.S.C. § 1226(c). Because Petitioner is no longer in state custody, he lacks standing to bring a claim for wrongful detention under 28 U.S.C. § 2241. Under Fed. R. Civ. P. 41(a)(2) a petitioner may seek dismissal of his claim "only by court order, on terms that the court considers proper." On October 31, 2012 Petitioner filed a Motion to Dismiss [Docket No. 8] requesting his Petition be dismissed. Due to Mr. Orellana's removal from government custody, habeas corpus is no longer an appropriate remedy. Because the question of Petitioner's pre-removal detention is moot, his Petition for a Writ of Habeas Corpus should be **DISMISSED**.

---

[3] The caption of the Reply brief incorrectly names Jose Vera Gutierrez as the Petitioner. However, the document's contents appropriately relate to this case.

## **RECOMMENDATION**

Based upon the file and memoranda of counsel,

**IT IS HEREBY RECOMMENDED** that Mr. Orellana's Motion to Dismiss be **granted** [Docket No. 8] and the Petition for Writ of Habeas Corpus [Docket No. 1] be **DISMISSED** as moot.

Dated: ___November 6, 2012___            s/Arthur J. Boylan
                                                           Chief Magistrate Judge Arthur J. Boylan
                                                           United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before November 20, 2012.